# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LARRY DARNELL SHIELDS, | ) | NO. CV 13-2208-FMO (MAN) |
| Petitioner, | ) | |
| v. | ) | ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| SOTO, WARDEN, | ) | |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition"), all of the records herein, the Report and Recommendation of United States Magistrate Judge ("Report"), and Petitioner's Objections to the Report. Further, the Court has conducted a *de novo* review of those portions of the report to which objections have been made.

As discussed in the Report, after Respondent filed his Motion to Dismiss the Petition ("Motion"), the Magistrate Judge ordered briefing and expressly advised Petitioner that, if he wished to claim an entitlement to the equitable tolling doctrine, he must include with his Opposition to the Motion a declaration detailing any claimed extraordinary circumstances and their effects on his efforts to seek federal habeas relief on a timely basis. Petitioner filed an Opposition to the Motion, but he did not claim an entitlement to equitable tolling.

In his Objections, Petitioner asserts for the first time that he was prevented from seeking federal habeas relief on a timely basis, because he experienced "atypical hardship" and extraordinary circumstances beyond his control. Petitioner states that, while he was incarcerated at a prior institution, he was aware that his limitations period would expire on April 21, 2011, absent tolling. He asserts that he was prevented from seeking federal habeas relief by that deadline due to "government interference," *i.e.,* "excessive lockdown[s]." Petitioner has attached to his Objections copies of Program Status Reports dated March 3, 2011, and May 16, 2011 (Objections, Exs. A and B), which he contends prove that he was not allowed law library access. Petitioner argues that, because of these two "lockdowns," he is entitled to equitable tolling of and/or a delayed accrual date for his limitations period pursuant to 28 U.S.C. § 2244(d)(1)(B).

A district court has discretion, but is not required, to consider evidence or claims presented for the first time in objections to a report and recommendation. *See* Brown v. Roe, 279 F.3d 742, 744-45 (9th Cir. 2002); United States v. Howell, 231 F.3d 615, 621-22 (9th Cir. 2000). It is unclear to the Court why Petitioner failed to make the above arguments in his Opposition to the Motion and delayed making them until now. The "government interference" alleged by Petitioner in his Objections was known to him at the time he filed his Opposition, and the Magistrate Judge's briefing order made clear that any claim to equitable tolling must be made in his Opposition. Moreover, Petitioner's belated allegations are not made under penalty of perjury, as he earlier was told was required.

As the Ninth Circuit explained in Howell, in affirming a district judge's exercise of her discretion in declining to consider new evidence presented for the first time in objections to a magistrate judge's report and recommendation:

> The magistrate judge system was designed to alleviate the workload of district courts. . . . To require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's

consideration of the matter and would not help to relieve the workload of the district court. . . . Equally important, requiring the district court to hear evidence not previously presented to the magistrate judge might encourage sandbagging. "[I]t would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and - having received an unfavorable recommendation - shift gears before the district judge."

231 F.3d at 622 (citations omitted); see also Plantillas v. Cate, 2009 WL 890656, at *1 (C.D. Cal. March 31, 2009)(district judge order declining to consider new evidence presented in objections and noting that "[s]uch a policy is reasonable since the referral mechanism is intended to help ease the heavy workloads of the district courts and to aid in the efficient resolution of disputes")(citation omitted).

Petitioner was on notice that the Petition could be dismissed for untimeliness. Nonetheless, Petitioner failed to raise his 28 U.S.C. § 2244(d)(1)(B)/equitable tolling arguments before the Magistrate Judge and reserved them for consideration by the District Judge. Under these circumstances, the Court would be justified in exercising its discretion to decline to consider the new, unsworn allegations set forth in the Objections.

Even if, however, the Court does exercise its discretion to consider the new, unsworn allegations set forth in the Objections and the two attached exhibits, there is no basis for finding the Petition to be timely. As the Report explains, Petitioner's conviction became final on April 21, 2010, and his limitations period commenced running the next day. Petitioner's 28 U.S.C. § 2244(d)(1)(B) argument -- based on "lockdowns"[1] in March and May of 2011 -- fails, because his

---

[1] The exhibits to the Objections indicate that prisoners were not placed on "lockdown" on March 3, 2011, and May 16, 2011, but, rather, were placed on "modified program," under which inmates with priority legal user (court deadline) status maintained their library access and inmates with general legal user status would sign up for library time and be given access when

limitations period commenced running, and Petitioner already had commenced his state habeas proceedings, before both those events occurred.

With respect to Petitioner's newly-raised equitable tolling argument, as he does not dispute, his limitations period ran for 267 days before he first sought state habeas relief in the trial court on January 14, 2011, leaving only 98 days remaining.  After his trial court habeas petition was denied on February 18, 2011, Petitioner filed a habeas petition in the California Court of Appeal on March 21, 2011, notwithstanding the March 3, 2011 modified program he now claims constituted "government interference" that prevented him from seeking habeas relief.  After that state habeas petition was denied on March 29, 2011, Petitioner filed a second habeas petition in the California Court of Appeal on May 31, 2011, only 14 days after the alleged "government interference" effected by the May 16, 2011 modified program.  In short, there is no basis for concluding that the March and May 2011 modified programs in any way impaired Petitioner's ability to seek habeas relief.  Moreover, and critically, after the second California Court of Appeal habeas petition was denied on June 7, 2011, Petitioner delayed another five and a half months before filing an essentially identical habeas petition in the California Supreme Court.  Neither the March 2011 modified program nor the May 2011 modified program can serve as an explanation for Petitioner's delay of over five months before submitting already-briefed claims to the California Supreme Court.  Moreover, neither modified program can explain, much less justify, why, once the California Supreme Court denied relief on March 29, 2012, Petitioner delayed for almost a year before mailing the instant Petition to the Court.

Finally, the two brief modified programs that Petitioner contends constitute extraordinary circumstances are not the type of events warranting equitable tolling under the facts of this case. Even if the Court credits Petitioner's bare, unsworn allegations of "lockdowns" in March and May 2011, Petitioner's vague allegations, untied to his own efforts, are inadequate to establish that it was available.

4

the circumstances to which he alludes actually rendered it impossible for him to seek federal habeas relief in a timely manner. Petitioner has not identified what efforts or tasks he was unable to perform due to the "lockdowns" and the allegedly impaired law library access of which he now complains, much less explain how any such inability to act caused the Petition to be untimely. Nor has he explained why or how any period during which he lacked access to the law library actually precluded him from timely pursuing state and federal habeas relief. Given the circumstances here -- that Petitioner *was* able to file habeas petitions in the California Court of Appeal in March and May 2011, at the same time he allegedly was prevented from seeking habeas relief due to "lockdowns," as well as the identical nature of the second California Court of Appeal habeas petition filed in late May 2011 and the California Supreme Court habeas petition -- Petitioner's claim that "lockdowns" explain his numerous delays is not plausible, and he has not satisfied his burden of showing any circumstance that could be considered extraordinary for equitable tolling purposes. *See, e.g.*, Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009)(holding that "[o]rdinary prison restrictions" on the petitioner's access to the law library and photocopier, due to his placement in administrative segregation, were "neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner"); Scott v. Pliler, 2001 WL 1006824, at *3 (N.D. Cal. Aug. 17, 2001)(to be entitled to equitable tolling due to a prison lockdown, a petitioner must show, among other things, that the lockdown prevented him from preparing his petition or sending mail to the federal court, and that it was impossible to file a timely petition within the "periods between lockdowns").

Having completed its review, the Court concludes that the Petition is untimely. The Court accepts and adopts the Report and the findings of fact, conclusions of law, and recommendations therein. Accordingly, IT IS ORDERED that: (1) Respondent's Motion is GRANTED; and (2) Judgment shall be entered dismissing this action with prejudice.

///
///
///

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on the parties.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 30, 2014

                                        /s/
                                FERNANDO M. OLGUIN
                            UNITED STATES DISTRICT JUDGE